WATKINS, Judge.
This is a suit on a note in the sum of $20,000.00 executed ancillary to a lease to become enforceable in the event the lease was terminated by the lessee without sixty days notice to the owner-lessor. The trial court rendered summary judgment in favor of the defendants. We affirm.
On December 21, 1981, Sharkey’s Inc. leased restaurant premises to Bayou Oaks Restaurant, Inc. for a term of six months, beginning December 11, 1981, by written instrument. Both sides agree that the premises were not vacated until the expiration of the six months lease term.
Plaintiff’s petition seeks recovery on the $20,000.00 note. Annexed to the petition are copies of letters putting the maker of the note, Bayou Oaks Restaurant, Inc., and Tony Milazzo and Reuben Ruiz, endorsers of the note, in default under the terms of the lease as having violated Paragraph 20 thereof. Thus, the cause of action that is asserted, giving the petition and the annexed letters a broad interpretation, is one to enforce the note for breach of Paragraph 20 of the lease. Paragraph 20 of the lease instrument reads as follows:
20. DEFAULT OF TENANT.
(A) If Tenant violates at any time any of the covenants, conditions, and obligations of this agreement and said violation continues for ten (10) days after notice thereof by Owner to Tenant; or the Tenant’s vacating or abandoning the leased premises; or the Tenant being adjudicated a bankrupt, or a receiver being appointed for the Tenant, or bankruptcy, receivership or respite proceedings being instituted by or against Tenant, or the Tenant’s removing or beginning to remove from the leased premises during the terms of this lease, other than in the normal course of business, its personal property or goods, to the prejudice of the lessor’s lien, shall, without any demand *814 (except where expressly required), or putting in default, give Owner the right, to cancel this lease by written notice of such cancellation to the Tenant, and collect rental accrued to the date of said cancellation. If it shall be reasonably necessary for Owner to employ an attorney in connection with the enforcement of any of the terms of this lease not involving a specific sum of money after demand has been made and after the time for performance has lapsed without such performance, the Tenant agrees to pay the reasonable fee of the attorney so employed.
Opposing motions for summary judgment were filed by Sharkey’s on the one hand and by Bayou Oaks and Milazzo on the other hand supported by conflicting affidavits which differ diametrically as to the facts tending to show or to contradict the showing of a breach of Paragraph 20 of the lease. In addition, a third party demand was filed by Ruiz against Milazzo.
The difficulty with the position taken by plaintiff is that the note is to become enforceable, by the terms of the lease, only under Paragraph 19 of the lease in the event that the lease is terminated by the action of the lessee without giving the required sixty days written notice. This is amply demonstrated by quoting Paragraph 19 of the lease instrument:
19. TENANT’S RIGHT TO TERMINATE LEASE. Tenant shall have the right to terminate this lease prior to the expiration of its term upon notice of such intent being sent to Owner at lease (sic) SIXTY (60) days prior to the date Tenant terminates this lease. Failure to give such notice shall automatically put Tenant in default without the requirement of notice or demand and terminate this lease. It is specifically stipulated that if the lease is terminated without Tenant giving the required SIXTY (60) day notice to Owner, Owner shall be entitled to demand from Tenant the payment of a $20,000.00 note dated of even date, and endorsed in blank, executed by Bayou Oaks Restaurant, Inc., made payable to itself, stipulated to bear interest at the rate of 0% from date, and made payable 20 days after written notice of default by Owner to Tenant. Said note has been paraphed “Ne Varietur” by Larry D. Book, Notary Public, and delivered to Owner, who acknowledges receipt hereof.
Thus, allegations in the letters attempting to place defendants in default, and in the affidavit in support of summary judgment asserting or tending to allege that Paragraph 20 of the lease has been breached are of no possible relevance to the cause of action asserted, which is brought solely to enforce the note. It is only if it is asserted in petition or affidavit that Paragraph 19 has been breached that a genuine issue of material fact exists which would act as a bar to granting summary judgment in favor of defendants Bayou Oaks. and Milazzo.
Sharkey’s contends as an alternate argument that notice is required of termination of the lease even if the lease expires of its own accord at the end of the six month stipulated term, and that this requirement of the lease was breached. A mere glance at Paragraph 19 of the lease instrument, quoted above, demonstrates that notice of termination is required only if the lease is terminated by the lessee “prior to the expiration of its term ...”. Thus, no notice was required, and the note is not enforceable for termination of the lease of its own accord without notice.
As Paragraph 19 of the lease is brought into play only in the event of termination of the lease by the lessee, and as it is only in that event that the note in the sum of $20,000.00 becomes enforceable, there is no genuine issue of material fact, the note in no event being enforceable under the facts as to which there is disagreement. Hence, summary judgment was properly granted in favor of Bayou Oaks and Milazzo.
The judgment of the trial court dismissing plaintiff’s action as to Bayou Oaks Restaurant and Larry Milazzo, Jr., is affirmed. To the extent that the effect of the judgment is ambiguous as to Reuben Ruiz, that *815 cause of action is maintained in force, Ruiz not having moved for summary judgment. All costs shall be paid by appellant.
AMENDED AND AFFIRMED.